IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
SEP 04 2009
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

BANCORPSOUTH BANK, Successor )
in Interest to THE CITY )
NATIONAL BANK, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-09-102-KEW
 )
EDMUND EUGENE BLACKWELL, III; )
and TINA R. BLACKWELL, )
 )
       Defendants. )

**OPINION AND ORDER**

This matter comes before this Court on Plaintiff's Motion for Summary Judgment filed July 20, 2009 (Docket Entry #21). Upon review and consideration of the Motion and associated responsive briefs, this Court renders this decision.

On July 18, 1996, Defendants Edmund Eugene Blackwell, III and Tina R. Blackwell ("Blackwells") executed a promissory note in favor of Plaintiff's predecessor in interest, The City National Bank, in the amount of $240,000.00 with interest from the date of execution to accrue at a rate of 9.25% per annum, to be adjusted quarterly to 1% over the National Prime index rate of interest as published by the Wall Street Journal, until paid, payable in twelve (12) annual installments of $33,941.00, principal and interest with the first installment due on July 18, 1997 and continuing each year thereafter until July 18, 2008. To secure this note, the Blackwells executed a real estate mortgage in favor of Plaintiff on the following described real property situated in LeFlore County,

Oklahoma:

> The SW/4 NE/4 and the E/2 SE/4 NW/4 and the NW/4 SE/4 and
> the W/2 NE/4 SE/4 and the N/2 SW/4 SE/4 of Section 32,
> Township 4 North, Range 27 East of the Indian Base and
> Meridian, Leflore County, Oklahoma, LESS AND EXCEPT:
> Beginning 175.0 feet West of the SE Corner of the N/2
> SW/4 SE/4 of Section 32, Township 4 North, Range 27 East
> for the point of beginning: thence North 10 degrees 11
> minutes 58 second East a distance of 327.54 feet; thence
> West 188.0 feet; thence South 19 degrees 28 minutes 16
> seconds West a distance of 129.0 feet; thence South 40
> degrees 45 minutes 19 second East a distance of 265.0
> feet to the point of beginning together with a roadway
> easement described as a road 20.00 feet wide the
> centerline of said road described as follows: Beginning
> 233.00 feet North of the SE corner of the N/2 SW/4 SE/4
> of Section 32, Township 4 North, Range 27 East for the
> point of beginning; thence West 134.00 feet; less all the
> oil, gas and other minerals,

with the buildings, improvements, appurtenances, and hereditaments and all other rights thereunto appertaining or belonging and all fixtures therein or thereafter attached or used in connection with said premises.

The mortgage covering the above described property was filed in the Office of the County Clerk of LeFlore County, Oklahoma on July 19, 1996 and recorded at Book 1181, Pages 553-559.

Subsequent to the execution of the note and mortgage, Plaintiff has modified the terms of the note to accommodate the Blackwells' financial condition. However, even with the modifications, the Blackwells have defaulted on the performance of the terms of the note in failing (1) to maintain a policy of hazard insurance covering the improvements located on the real property

2

against loss; (2) to make the annual payment of principal and interest due October of 2008; and (3) to timely make annual payments due LeFlore County, Oklahoma to satisfy outstanding ad valorem taxes.

As of November 3, 2008, the Blackwells are indebted to Plaintiff in the principal sum of $189,951.30; interest on the principal from the date of last principal reduction at the rate of 5.25% per annum until December 16, 2008 when the variable rate reduced to 4.5% per annum in the combined amount of $18,016.61 continuing thereafter at a per diem rate of $23.76 until paid; late fees in the amount of $90.00; forced placed insurance Plaintiff was required to acquire to insure the Blackwells' property against loss in the amount of $2,823.45; the filing fee of $350.00; the filing fee for the filing of the Notice of Lis Pendens in the amount of $15.00; service of process fees of $50.00; and a reasonable attorney fee and costs to be determined at a later date.

The Blackwells also entered into a security agreement with Plaintiff, provided to secure the payment of the promissory note. Said property is in the possession of the Blackwells and is more particularly described in the document entitled "Schedule A Property List" dated July 18, 1996 and attached to Plaintiff's Motion as Exhibit L. As stated, the Blackwells are in default on the promissory note secured by the personal property covered by the Security Agreement. As a result, Plaintiff is entitled to replevin

and sell the property in order to satisfy the outstanding debt represented in the promissory note.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

With regard to the facts material to this foreclosure action

set forth herein above, no genuine issue has been shown to exist. Defendant, however, has raised two specific areas of dispute, neither of which precludes Plaintiff's ability and right to foreclose on the mortgage and replevin the personal property which secures the unpaid obligation represented in the promissory note between the parties.

As an initial matter, the Blackwells do not contest the fact that they are in default of their debt obligation owed to Plaintiff. They do contend discrepancies in the evidence presented as to the amounts due and owing make summary judgment inappropriate. In this regard, the Blackwells are incorrect. The discrepancy between the Motion and the principal amount in the exhibit attached to the Motion is explained by the fact the amount of the forced placed insurance is included in the amount reported on the exhibit while the amount stated in the Motion reflects only the principal due and owing. Further, the discrepancy in the interest rate stated is attributable to the variable rate provided in the promissory note. Taking the ebb and flow of the rate during the course of the note into account, the amount of the interest accrued and accruing stated in the Motion is correct.[1] Accordingly, Plaintiff is entitled to summary judgment in this action.

---

1 This Court would note that Plaintiff's mathematical calculation on page 4 of its reply contains several erroneous numbers which might mislead the reader. However, the exhibits to the reply brief and ultimate total Plaintiff states in the brief are correct.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment filed July 20, 2009 (Docket Entry #21) is hereby **GRANTED**. Accordingly, Plaintiff is entitled to judgment against Defendants Edmund Eugene Blackwell, III and Tina R. Blackwell in the amount of $189,951.30; interest on the principal from the date of last principal reduction at the rate of 5.25% per annum until December 16, 2008 when the variable rate reduced to 4.5% per annum in the combined amount of $18,016.61 continuing thereafter at a per diem rate of $23.76 until paid; late fees in the amount of $90.00; forced placed insurance Plaintiff was required to acquire to insure the Blackwells' property against loss in the amount of $2,823.45; the filing fee of $350.00; the filing fee for the filing of the Notice of Lis Pendens in the amount of $15.00; service of process fees of $50.00; and a reasonable attorney fee and costs to be determined at a later date. Plaintiff is also entitled to an *in rem* judgment foreclosing its real estate mortgage.

IT IS FURTHER ORDERED that Plaintiff is also entitled to judgment against Defendants Edmund Eugene Blackwell, III and Tina R. Blackwell to replevin the personal property held by Defendants which secures the promissory note between the parties.

IT IS FURTHER ORDERED that Plaintiff shall provide an appropriate journal entry of judgment reflecting the ruling stated in this Order no later than **SEPTEMBER 18, 2009**.

IT IS SO ORDERED this 4th day of September, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE