IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BANCORPSOUTH BANK, Successor )
in Interest to THE CITY )
NATIONAL BANK, )
 )
         Plaintiff, )
 )
v. ) Case No. CIV-09-102-KEW
 )
EDMUND EUGENE BLACKWELL, III; )
and TINA R. BLACKWELL, )
 )
         Defendants. )

## OPINION AND ORDER

This matter comes before this Court on Plaintiff's Amended Application for Order of Disbursement of Funds Held by Marshal filed February 22, 2012 (Docket Entry #70). Defendants have objected the Amended Application, stating that they have filed an appeal of the order confirming the sale of the real property which forms the subject matter of this foreclosure action. As a result, Defendants request that the Amended Application be denied or held in abeyance until such time as the Tenth Circuit Court of Appeals issues a decision on the appeal.

Requests for a stay pending appeal as sought by Defendants in this case are governed by Fed. R. Civ. P. 62(d), which provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

This action is neither one for an injunction or receivership

nor for an accounting in an action for patent infringement. Fed. R. Civ. P. 62(a)(1) and (2).

"The purpose of requiring a supersedeas bond pending appeal is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." Olcott v. Delaware Flood Co., 76 F.3d 1538, 1559-60 (10th Cir. 1996) citing Grubb v. FDIC, 833 F.2d 222, 226 (10th Cir. 1987); Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986). In most cases, the amount of the bond should be set at the full amount of the judgment. Id. However, the bond should normally be sufficient in amount to satisfy the judgment in full, plus interest and costs. Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979).

Although Defendants have not offered a supersedeas bond, they have, in effect, requested a stay pending appeal by requesting that the application to disburse the funds be held in abeyance. As a result, Defendants will be allowed time to file a motion requesting that a supersedeas bond be posted together with the terms of the bond in order to obtain the stay pending appeal as required by Rule 62(d).

IT IS THEREFORE ORDERED that Defendants be permitted to file a Motion Requesting the Approval of Supersedeas Bond and for Stay Pending Appeal no later than **APRIL 10, 2012**. Should no motion be filed with the time specified, the Amended Application for Order of

2

Disbursement of Funds Held by Marshal will be granted and the United States Marshal will be authorized to disburse the money derived from the sale of the property.

IT IS SO ORDERED this 3rd day of April, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE