IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BANCORPSOUTH BANK, Successor in Interest to THE CITY NATIONAL BANK, )))) | |
| Plaintiff, )) | |
| v. ) | Case No. CIV-09-102-KEW |
| ) | |
| EDMUND EUGENE BLACKWELL, III; and TINA R. BLACKWELL, )))) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter comes before this Court on Plaintiff's Amended Application for Order of Disbursement of Funds Held by Marshal (Docket Entry #70) and Defendants' Application to Reduce or Waive Bond (Docket Entry #79). On May 18, 2012, this Court conducted a hearing on these filings with counsel for both parties present as well as the purchaser of the property which is the subject of this foreclosure, Mr. Dwight Caughern.

This action was commenced by Plaintiff on March 16, 2009, seeking the foreclosure of Plaintiff's mortgage on certain real property owned by Defendants located in LeFlore County, Oklahoma and the enforcement of Plaintiff's security interest in certain personal property. The parties consented to the jurisdiction of the undersigned on April 7, 2009. Summary judgment was granted in Plaintiff's favor by Opinion and Order entered September 4, 2009 with a Journal Entry of Judgment entered September 22, 2009 as proposed by Plaintiff in conformity with the Opinion and Order.

Defendants filed for relief under Chapter 7 of the United States Bankruptcy Code on October 3, 2010 and Defendants were discharged from bankruptcy on January 12, 2011. On June 23, 2011, the United States Marshal offered the subject property for sale to the highest bidder. On August 12, 2011, the Marshal filed a return on the sale showing the property was sold to Dwight Ray Caughern and Charles Caughern jointly for the sum of $85,000.00. After an appropriate hearing on the confirmation of the sale to which Defendants objected, this Court confirmed the sale of the property by Order entered October 19, 2011. Defendants requested reconsideration of the confirmation but the request was denied on February 17, 2012 as no new issues were raised which would warrant reconsideration.

Plaintiff requested that the monies derived from the Marshal's sale be distributed to it. Defendants objected and filed a Notice of Appeal of the Order Confirming the Sale on March 14, 2012. While considering Plaintiff's request to distribute the sale proceeds, this Court gave Defendants the opportunity to seek a supersedeas bond in order to forestall the dissemination of the monies since they sought this Court to hold Plaintiff's Amended Application to Disburse the Funds in abeyance. To that end, Defendants filed the subject Application.

As this Court previously stated in the Opinion and Order on disbursement of the proceeds, requests for a stay pending appeal as

sought by Defendants in this case are governed by Fed. R. Civ. P. 62(d), which provides:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

"The purpose of requiring a supersedeas bond pending appeal is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." Olcott v. Delaware Flood Co., 76 F.3d 1538, 1559-60 (10th Cir. 1996) citing Grubb v. FDIC, 833 F.2d 222, 226 (10th Cir. 1987); Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986). In most cases, the amount of the bond should be set at the full amount of the judgment. Id. However, the bond should normally be sufficient in amount to satisfy the judgment in full, plus interest and costs. Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979).

Defendants contend they cannot secure a bond because of their prior bankruptcy while also stating that they expect to receive funds from their participation in other litigation. Moreover, Defendants assert Plaintiff will suffer no prejudice by allowing the status quo to be maintained while the appeal is pending. The evidence at the hearing indicated that Plaintiff will incur attorney fees and costs of approximately $2,500.00. Additionally,

Plaintiff will be deprived of the sales proceeds during the course of the appeal. More importantly, the purchaser will be deprived of possession of the property he purchased, forced to pay on a bank note without the benefit of his bargain, while Defendants continue to enjoy the possession and benefit of the property. Mr. Caughern testified he could be harvesting hay from the property and selling it for somewhere between $7,200.00 to $10,800.00, depending upon the number of cuttings he could obtain from the property. Additionally, the purchaser had planned to use the property to feed his cattle and cannot do so while he is displaced from the land.

After consideration of the benefits Defendants are receiving as a result of the filing and pendency of the appeal and the detriment suffered by Plaintiff and the purchaser, Defendants will be required to post a supersedeas bond in the amount of $10,000.00 in order to stay the effect of the Order Confirming Sale which they have appealed. This amount will sufficiently protect Plaintiff's and Mr. Caughern's interests during the extended time until final judgment is entered on the appeal.

IT IS THEREFORE ORDERED that Plaintiff's Amended Application for Order of Disbursement of Funds Held by Marshal (Docket Entry #70) will be held in **ABEYANCE** if Defendants post a $10,000.00 supersedeas bond with the Court by **JUNE 29, 2012**. The United States Marshal shall not issue a deed to the subject property to the purchaser pending further order of this Court. As a result of

the reduced amount of the bond, Defendants' Application to Reduce Bond (Docket Entry #79) is hereby **GRANTED**. The request to waive the bond requirement contained in the same Application is hereby **DENIED**. Should Defendants fail to post the bond by the date specified, Plaintiff shall immediately notify the Court of the fact by filed notice and, absent exigent circumstances, the Amended Application to disburse the sales proceeds to Plaintiff will be granted and the United States Marshal will be directed to issue a deed to the purchaser.

IT IS SO ORDERED this 15th day of June, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE